UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00092-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BOAKAI BOKER,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court after the appointment of a paralegal to assist defendant with the review of certain discovery. After review of that request (which was filed by standby counsel), it became readily apparent to this Court that a more detailed discovery protocol is necessary in pro se cases to delineate the roles of standby counsel and the paralegal, the obligations of the government in a pro se case where the defendant is detained, and the expectations of the Court. The Court, therefore, enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that under the supervision of standby counsel Reggie E. McKnight, paralegal Clinton Moore is authorized to spend a maximum of fifteen hours per week on this case, not to exceed a total of 60 hours in assisting with discovery and ancillary activities necessary in preparing for trial or other resolution of this matter. The duties of the paralegal are as follows:

(1) assist with the transmission of documents to and from defendant, including transmissions between the government and defendant and between the defendant and this Court;

(2) ensure that defendant is provided with copies of the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the Local Criminal Rules;

(3) the paralegal shall meet with defendant twice a week for a maximum of one hour to transfer documents back and forth, once on either Monday or Tuesday and once on either Thursday or Friday of each week, at the discretion of the paralegal;

(4) if an investigator is appointed, the paralegal shall meet with the investigator who has been involved with the case and pass on any information and documents from the investigator to defendant, redacting any social security numbers and dates of birth;

(5) watch any video discovery, listen to any audio, and be present for any review of electronically stored discovery with defendant during such visits, abiding by the detention facility procedures for pro se defendants. The role of the paralegal in this regard is simply that of a "minder" of the equipment and the paralegal shall not consult with defendant as to the contents or offer opinions as to any legal significance of the contents;

(6) ensure that defendant has copies or access to copies of all printed discovery produced by the government that defendant does not currently have. As to those documents which, under the discovery agreement or the detention facility rules, the defendant cannot retain in his cell, the paralegal shall maintain those documents and take them to and from the detention facility and have such documents available to defendant at all Court proceedings;

(7) in the first instance, it is the obligation of the government to provide discovery to the defendant in a usable format, including electronically stored data, which includes but is not limited to audio, video, and data files. Preferably, such data should be provided to defendant by the government on a clean, government-provided laptop that does not have internet

capability. If provided by the government, such laptop remains the property of the United States and shall be returned to the government at the conclusion of proceedings. Any willful damage or loss of such device attributable to defendant may be assessed against the defendant at the conclusion of the proceedings regardless of outcome. During the pendency of the case, the laptop will be entrusted to the paralegal who shall transport such device to and from the detention facility and to Court. If the government shows that no such device is available or that a DOJ regulation prohibits such provision, defendant may file with this Court an *ex parte* application for provision of such a device at government expense. While the paralegal may provide defendant with CJA forms, it is up to defendant as his own attorney to draft any such request;

(8) under no circumstances may the paralegal conduct any legal research for defendant, assist defendant in preparing any motion, assist defendant in preparing an appeal, or fill out any subpoena forms for defendant. The paralegal may, however, bring subpoena forms and any other Court forms for defendant to fill out when so requested. To assure the integrity of the judicial process, the paralegal may fill out the address portion of the subpoena forms for defendant prior to submission to the Court under Rule 17;

(9) it is the responsibility of the *pro se* defendant to file any *ex parte* Motion for Issuance of Subpoenas to be served by the Marshal. Defendant is advised that any such request must comply with Rule 17, Federal Rules of Criminal Procedure, and must be filed well in advance of any proceeding as specified by the Local Criminal Rules. See L.Cr.R. 17.2.

**IT IS FURTHER ORDERED** that, from this point forward, standby counsel is authorized to spend a maximum of fifteen hours per week in advance of trial and up to 40 hours a week during trial on this case as standby counsel. If his standby status is upgraded to that of counsel, such restriction shall no longer apply. The duties of standby counsel are as follows:

(1) Standby counsel shall meet a maximum of twice per week with defendant in order to provide technical assistance to help defendant prepare for trial;

(2) Standby counsel shall also attend all hearings, attend each day of the trial, and be available for consultations with the accused;

(3) Standby counsel shall also supervise the activities of the paralegal, assuring that such person complies with the directions provided by this Court, *supra*;

(4) The term Technical Assistance includes:

    (a) informing defendant of the format of motions or other pleadings or documents;

    (b) informing defendant of technical pre-trial and trial procedure (i.e., format and phases of discovery and trials);

    (c) providing materials available on the Western District of North Carolina website, including forms accessible from the Administrative Office of the Court;

    (d) answering questions regarding non-legal technical aspects of the case; and

    (e) explaining the rules of evidence, local rules, criminal rules, and how they pertain to trial procedure.

(5) Standby counsel will not make any arguments or representations on defendant's behalf or, from this point forward, sign any pleadings or any other documents on defendant's behalf to this Court, any other court, agency or entity;

(6) Standby counsel will not under any circumstances provide any substantive legal advice of any kind or nature.

(7) The term Substantive Legal Advice includes, but is not limited to:

    (a) legal research;

    (b) drafting, preparing, reviewing, responding to or researching of any pleadings or motions whatsoever;

    (c)  giving any strategic advice whatsoever;

    (d)  drafting, preparing, or responding to motions in limine;

    (e)  giving advice regarding the admissibility of evidence; and/or

    (f)  giving advice regarding jury instructions.

  (8)  Standby counsel will not act as a messenger, paralegal, or administrative assistant and will not act or function as a messenger or conduit between defendant and the Court or government counsel or any other agency or entity. This does not preclude the paralegal from performing any function outlined *supra* in regards to the role of the paralegal. Standby counsel may, as an officer of the Court, contact this Court for procedural guidance as needed.

  When initiated by the pro se defendant, standby counsel may discuss with the pro se litigant the advantages of professional representation and the pitfalls of self-representation.

Signed: April 4, 2017

*[Signature]*

Max O. Cogburn Jr.
United States District Judge