UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00092-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) | |
| v. | ) ) | ORDER |
| **BOAKAI BOKER,** | ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the defendant's most recent *pro se* filings (#38 and #39). Having considered such filings and reviewed the pleadings, the court enters the following Order.

The *pro se* Motion to Dismiss (#39) asks the court to dismiss the case based in part on an objection to the Grand Jury process made pursuant to Federal Rule of Criminal Procedure 6(b). The court has received a response from the government regarding this Motion to Dismiss (#40). The defendant informs the court that he was not present at the Grand Jury proceedings and was not able to present evidence on his behalf under the Sixth Amendment. As a matter of well settled law, however, defendant has no right to be present during Grand Jury deliberations and had no right to present evidence to that body. See Duke v. United States, 90 F.2d 840, 841 (4th Cir. 1937); Stevens v. State of North Carolina, 638 F.Supp. 1255, 1257 (W.D.N.C. 1986). Further, defendant does not provide the court with a discussion of any facts that would be relevant to any 28 U.S.C. § 1867 showing that the Grand Jury process substantially failed to comply with guiding law. For example, his

1

allegations do not attack the randomness of juror selection, the exclusion of qualified jurors based on race or gender characteristics, or any other enumerated reason that 28 U.S.C. § 1861 *et seq.* provides as the basis for a cognizable claim.[1] Instead, the allegations are procedural and assert incorrectly that he had a right to be present for, call witnesses before, and present evidence to the Grand Jury. (#39).

Under Federal Rule of Criminal Procedure 6(d), the defendant is not one of the authorized individuals who may be present during the Grand Jury proceedings. Further, his opportunity to present evidence will occur at trial, if the matter progresses to trial. Numerous constitutional protections that apply during the trial process do not apply to Grand Jury proceedings. See United States v. Williams, 112 S.Ct. 1735, 1742; United States v. Bollin, 264 F.3d 391, 414 (4th Cir. 2001). In addition, several of defendant's arguments are predicated on a reading of Federal Rule of Criminal Procedure 5.1(a) that is inapplicable here as he was indicted. See Fed.R.Crim.P. 5.1(a)(2).

As for defendant's other *pro se* filing (#38), it alleges that the government is not in compliance with the court's prior Order (#30) as to the ability for the defendant to review discovery material in the jail during normal visiting hours. The defendant alleges that he was transported to the federal courthouse in contravention of the Order and upon the direction of the government's attorney. (#38) at 2. The government has not yet responded to that motion and those allegations and is hereby directed to do so promptly.

---

[1] The court notes that the defendant has not met the requirement of 28 U.S.C. § 1867(d), mandating that such Motion contain "a sworn statement of facts which, if true, would constitute a substantial failure to comply" with the jury selection procedures in 28 U.S.C. § 1861 *et seq*. Even so, the defendant is proceeding *pro se*, and the court will address his substantive allegations herein as if he had met this threshold requirement.

The court also notes that defendant has read a *new* aspect into the court's prior Order (#30) to the extent that he requests funds for the local jail library for copies of case law. (#38) at 2. Such authorization for funds is not in the prior Order. The court notes its Order (#37) regarding standby counsel, particularly the section noting that the role of standby counsel and the appointed paralegal is in part to:

> ensure that defendant has copies or access to copies of all printed discovery produced by the government that defendant does not currently have. As to those documents which, under the discovery agreement or the detention facility rules, the defendant cannot retain in his cell, the paralegal shall maintain those documents and take them to and from the detention facility and have such documents available to defendant at all Court proceedings…

Order (#37) at 2.

The defendant's filing (#38) does not necessarily argue that he lacks access to the discovery material but challenges the avenue of accessing that material. The Court's Order (#30)—complimented by the Order regarding standby counsel (#37)—laid out a process by which discovery material could be reviewed by the defendant at the jail on-site during normal visiting hours. It set out different procedures to be used for paper discovery material and that which can only be accessed electronically. The government has not yet responded to that contention either (filed April 10) and will be directed to respond promptly. The government is advised as defendant is now his own counsel, the government needs to treat his motions for response purposes as if filed by attorney.

The court again takes this opportunity to note that while defendant has a constitutional right to represent himself, he is advised that as shown through the procedural missteps here that he puts himself at a legal disadvantage by declining representation by

3

an experienced defender such as standby counsel.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendant's "Pro Se Notice of Motion and Motion to Dismiss Due to Illegal Grand Jury Proceeding" (#39) is **DENIED** with prejudice and the government is instructed to respond within seven (7) calendar days to the defendant's *pro se* filing (#38) docketed as "Pro Se Response to Court Order for Government to Produce Discovery."

Signed: April 27, 2017

Max O. Cogburn Jr.
United States District Judge