# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-321-MOC
# (3:16-cr-92-MOC-1)

| | |
|---|---|
| **BOAKAI BOKER,** | ) |
| **Petitioner,** | ) ) ) |
| vs. | ) **ORDER** |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| **Respondent.** | ) ) |

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and the Respondent's Motion to Dismiss, (Doc. No. 3).

## I.    BACKGROUND

Petitioner was indicted in the underlying criminal case for: Count (1), wire fraud; Count (2), bank fraud; Count (3), making false claims to the IRS; and Count (4), aggravated identity theft. (3:16-cr-92 (CR), Doc. No. 1). His charges "arose from a fraudulent scheme in which the Government alleged that he obtained individuals' personal identification information, filed false tax returns in their names, claimed illegitimate refunds, and deposited the resultant refund checks from the United States Treasury into accounts that Boker had fraudulently opened in the victim's names." United States v. Boker, 807 F. App'x 232 (4th Cir. 2020).

On October 25, 2016, appointed counsel William Terpening filed a Motion to Withdraw because communications with Petitioner had broken down and Petitioner insisted on presenting claims and defenses that were not warranted by the law or supported by good faith arguments. (CR Doc. No. 16). The Motion was granted and Reggie McKnight was appointed to represent Petitioner

1

on October 26, 2016. On February 14, 2017, Mr. McKnight filed a Motion to Withdraw at Petitioner's request, explaining that he declined to file specific pre-trial motions at Petitioner's request that prior counsel has also declined to file. (CR Doc. No. 22). At a hearing before Magistrate Judge David S. Cayer, Petitioner explained that he wished to represent himself. Judge Cayer granted Petitioner's request to pursuant to Faretta v. California, 422 U.S. 806 (1975) and appointed Mr. McKnight as standby counsel. (CR Doc. No. 23); see also (CR Doc. No. 37) (appointing a paralegal to assist Petitioner with trial preparation and extending standby counsel's appointment).

On the first day of trial, Mr. McKnight disclosed to the Court he was familiar with the name of Austin Ajavon, whose home was searched during Agent Hayes' raid:

> BY MR. MCKNIGHT: … [F]or purposes of the record, and just to mention it to him as well. I am familiar with the name Austin Ajavon. I did represent Mr. Ajavon's wife during Agent Hayes' raid. I have never seen any of the discovery in Mr. Ajavon's case. I have never spoken to him. I could not tell you what he looks like, but I represented his wife when Officer Hayes originally raided the home that was in question. But I advised Mr. Boker of that as well when I began representation.
>
> THE COURT: **Do you believe you have any conflict?**
>
> MR. MCKNIGHT: **I do not believe so, Your Honor**, once again, because I didn't represent Mr. Ajavon at all. Never spoke to him, never saw him, and I don't know where he is now.
>
> THE COURT: **Mr. Boker, are you satisfied about whether or not he has any conflict?**
>
> MR. BOKER: **No, I'm satisfied. I don't have a problem. Yeah, I'm fine with that, Your Honor.**

(CR Doc. No. 109 at 20) (emphasis added).

A four-day jury trial concluded with a guilty verdict on all the charges. (CR Doc. No. 74). The Court sentenced Petitioner to 33 months' imprisonment for Counts (1), (2), and (3), and 24

2

months' imprisonment for Count (4), consecutive, followed by a total of two years of supervised release. (CR Doc. No. 92); see (CR Doc. No. 99) (Amended Judgment correcting a clerical error).

On direct appeal, Petitioner argued that the magistrate judge violated his right to due process by failing to advise him during his initial appearance that Count (4) carried a mandatory sentence, ordering his pretrial detention, and granting his request to proceed *pro se*; and that the Court erred by denying his Motion to Suppress and by limiting his cross-examination of a witness. On March 23, 2020, the Fourth Circuit dismissed the claim about pretrial detention as moot and denied the remaining claims on the merits. Boker, 807 F. App'x at 232.

Petitioner filed the instant § 2255 Motion to Vacate on June 6, 2020.[1] He argues that the Court erred by: (1) denying the Motion to Suppress; (2) determining that Petitioner was illegally in the United States at the time of the offenses and denying him pretrial detention and the benefits of an early release program; (3) appointing counsel who labored under a conflict of interest; and (4) denying Petitioner's request for Brady[2] information regarding a grand jury transcript. Petitioner asks the Court to vacate his judgment, grant a hearing, and hold a new trial.

The Government filed a Motion to Dismiss arguing that Petitioner's claims about pretrial detention and the denial of his Motion to Suppress were already denied on direct appeal and are meritless, the challenge regarding pretrial detention is moot, and the remaining claims are procedurally defaulted and meritless.

Petitioner filed a Memorandum, (Doc. No. 5), in response to the Motion to Dismiss arguing that standby counsel provided ineffective assistance by way of a conflict of interest that adversely affected his defense.

---

[1] Petitioner previously filed a § 2255 Motion to Vacate, case number 3:19-cv-5, that was dismissed without prejudice as premature.

[2] Brady v. Maryland, 373 U.S. 83 (1963).

3

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

It is well settled that a criminal defendant cannot "circumvent a proper ruling ... on direct appeal by re-raising the same challenge in a § 2255 motion." United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013) (quoting United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009)); see also United States v. Roane, 378 F.3d 382, 396 n. 7 (4th Cir. 2004) (noting that, absent "any change in the law," defendants "cannot relitigate" previously decided issues in a § 2255 motion); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding criminal defendant

4

cannot "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

Petitioner challenged his pretrial detention and the denial of his suppression motion on direct appeal. The Fourth Circuit denied the suppression claim on the merits and dismissed the pretrial detention claim as moot. The Court need not revisit, on § 2255 review, these issues which have already been considered and rejected by the Fourth Circuit.[3]

The remaining claims are procedurally defaulted from § 2255 review. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal citations omitted); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). With regards to cause and prejudice, a petitioner must demonstrate: (1) the existence of cause for a procedural default that turns on something external to the defense; and (2) actual prejudice resulting from the errors of which he complains. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010). To establish cause based upon ineffective assistance of counsel, a petitioner must show that the "attorney['s] performance fell below an objective standard of reasonableness and that [he] suffered prejudice as a result." Mikalajunas, 186 F.3d at 493; see Strickland v. Washington, 466

---

[3] The Court notes that the pretrial detention remains moot due to Petitioner's intervening conviction, incarceration, and release on May 22, 2020. See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results; Fed. R. Ev. 201 (addressing judicial notice).

U.S. 668, 687 (1984) (ineffective assistance of counsel standard). Actual prejudice is then shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a petitioner must show actual innocence by clear and convincing evidence. See Murray, 477 U.S. at 496.

Petitioner's claims of trial court error could have been, but were not, brought on direct appeal and Petitioner has failed to demonstrate cause and prejudice or actual innocence. Therefore, Petitioner's claims of trial court error are procedurally defaulted from § 2255 review and will be dismissed with prejudice.[4]

In his Response to the Government's Motion to Dismiss, Petitioner argues for the first time that trial counsel provided ineffective assistance because he labored under a conflict of interest. This claim is not properly before the Court. See Rule 2, Rules Governing Section 2255 Proceedings for the United States District Courts (motion to vacate must be signed under penalty of perjury and substantially follow the prescribed form); Fed. R. Civ. P. 15(a)(1) (a party may amend a pleading to which a responsive pleading is required "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.").

Even if this new ineffective assistance claim were properly before the Court, it would fail on the merits. Petitioner contends that McKnight previously represented the girlfriend of an individual who "was of great interest to the government," that McKnight provided Petitioner with irrelevant discovery from his client's case, stated that the evidence in the two cases was "mixed," and that a laptop that was examined in relation to the case was from the search of McKnight's

---

[4] These claims are also meritless for the reasons set forth in Respondent's Motion to Dismiss. See (Doc. No. 3).

client's home. (Doc. No. 5 at 3). Petitioner alleges that, at the time this was brought to the Court's attention, McKnight did not explain that there was a conflict because he only represented the girlfriend with respect to the search of the home but never went into full details explaining the actual significance of his client and Mr. Boker to the court or to the defendant." (Doc. No. 5 at 4). Petitioner claims that he had "no idea" about these facts until after trial when he started to research for his appeal and that his waiver of conflicts before the Court is not binding because he did not know that McKnight represented an individual involved a search that led to the search of Petitioner's home and to evidence that was introduced in his case. Petitioner argues that counsel should have withdrawn from the case as soon as he realized that Petitioner and his client were linked, that "[t]his could be some of the reasons the Defendant had issues with Attorney McKnight not wanting to file certain motions on his behalf," and that evidence from McKnight's client was tampered with. (Doc. No. 5 at 5).

"[T]he [Sixth Amendment] right to effective assistance includes the right to representation free from conflicts of interest." Rubin v. Gee, 292 F.3d 396, 401 (4th Cir. 2002) (citing Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980)); see Strickland, 466 U.S. at 687-88. To establish a violation of this right, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Sullivan, 446 U.S. at 348. An actual conflict of interest exists when an attorney's and a defendant's interests are divergent with respect to a material factual or legal issue or a course of action. Id. at 356.

Petitioner waived any claims of ineffective assistance of counsel when he chose to represent himself at trial. See Faretta, 422 U.S. at 835 n.46 ("whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complaint that the quality of his own defense amounted to a denial of 'effective assistance of counsel.").

7

Although the Court chose to appoint standby counsel, there is no constitutional right to hybrid representation. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ("Faretta does not require a trial judge to permit 'hybrid' representation" and "[a] defendant does not have a constitutional right to choreograph special appearances by counsel."). Moreover, Petitioner waived standby counsel's alleged conflict in open court. Counsel disclosed his prior representation of Mr. Ajavon's wife and stated that he did not believe it was a conflict. Petitioner stated in open court that counsel had disclosed the prior representation and that he did not have a problem with it. Petitioner's present unverified, self-serving, and unsupported claims to the contrary are rejected. Further, the unverified, conclusory, and unsupported allegations in Petitioner's Memorandum fail to demonstrate that an actual conflict of interest existed or that it adversely effected standby counsel's performance in any way. Therefore, even if Petitioner's ineffective assistance claim was properly before the Court, it is denied as waived and meritless.[5]

Petitioner's claims of trial court error are procedurally defaulted from federal habeas review and his new claim of ineffective assistance of counsel is not properly before the Court and is meritless. Therefore, the § 2255 Motion to Vacate will be dismissed and denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion to Dismiss and will dismiss and deny Petitioner's § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** and **DENIED**.

2. Respondent's Motion to Dismiss, (Doc. No. 3), is **GRANTED**.

---

[5] Any suggestion that ineffective assistance of counsel constitutes cause to excuse his procedural default is rejected because the ineffective assistance claim is meritless. See Mikalajunas, 186 F.3d at 493.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: November 21, 2020

Max O. Cogburn Jr
United States District Judge